FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 7 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIE JAMES WASHINGTON,

    Plaintiff,

v.

No. CIV-05-0257 JB/LAM

JOE R. WILLIAMS,
STANLEY MOYA,
GILBERT GARCIA,
WEXFORD HEALTH SOURCE,
DR. BREEN,
NEW MEXICO DEPT. OF CORRECTIONS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte* to review the Plaintiff's civil rights Complaint. The Court reviews the Complaint under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(a), and rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as the injunction against the Plaintiff entered in *Washington v. New Mexico*, No. CV-95-0059 HB/JHG (D.N.M. Apr. 6, 1995). The Court also considers the Plaintiff's motions for leave to proceed in forma pauperis ("IFP") (Doc. 2), for appointment of counsel (Doc. 3), and for discovery and service of process (Doc. 11). Twelve years before the Plaintiff filed this action, the Court described the Plaintiff as having "a lengthy history of frequent and abusive litigation." *Washington v. City of Albuquerque*, No. CV-92-1354 JP/RWM (D.N.M. Mar. 5, 1993). Since then, the Plaintiff has initiated fourteen proceedings in this Court.

The required filing fee for this civil rights complaint is $ 225.00. Under the three-strikes

provisions of § 1915(g), the Court has previously denied at least one of the Plaintiff's applications for leave to proceed in forma pauperis. Here, based on the Plaintiff's allegations of denial of medical treatment, the Court will grant the IFP motion. *See Fuller v. Myers*, No. 04-3210, 2005 WL 408063, at *2 (10th Cir. Feb. 22, 2005) (explaining that alleged deliberate indifference to a prisoner's serious medical conditions may show "imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g))." The statute requires the Plaintiff to make payments until he has paid the full filing fee pursuant to § 1915(b)(1). Based on information about the Plaintiff's financial status, the Court finds that the Plaintiff is unable to pay an initial partial payment.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious: [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In addition to the restrictions noted above, the terms of the injunction in cause No. CV-95-0059 HB/JHG prohibit the Plaintiff from filing a complaint unless he is represented by counsel or obtains permission from the Court. Because he has not met either of these conditions, the Court initially construes the Complaint as a petition for leave to file a complaint. The Complaint alleges that the Defendants have denied him medical treatment for hepatitis B and C. The Court notes that

2

the Plaintiff asserted the same claim in *Washington v. New Mexico Department of Corrections*, No. CV-97-0630 JC/RLP (D.N.M. 1995), which the Court dismissed under the provisions of 28 U.S.C. § 1915(g).

Although the Complaint does not comply in every detail with the injunction and appendix in *Washington v. New Mexico*, CV-95-0059 HB/JHG (D.N.M. Apr. 6, 1995), the Plaintiff's allegations withstand scrutiny under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Johnson v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. Dec. 6, 2002) (observing that "largely ineffective" treatment and refusal "to do anything more" may amount to deliberate indifference) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 68 (2d Cir.1994)). The Complaint suffices, therefore, as a petition for leave to file a complaint. The Court expresses no opinion on the merits of the Plaintiff's claims or the question of exhaustion of administrative remedies.

The Court may not grant relief on Plaintiff's claims against Defendants Williams and Department of Corrections. The Complaint contains no allegations against Defendant Williams, the New Mexico Secretary of Corrections, affirmatively linking him to the alleged violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, the Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). The Plaintiff may not base his civil rights claims solely on a theory of respondeat superior liability. *See id.* Furthermore, the Department of Corrections is an agency of the state and is therefore not a "person" for purposes of § 1983. *See Prokop v. Colorado*, No. 01-1415, 2002 WL 188962, at **1 (10th Cir. Feb. 7, 2002) ("In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.'") (quoting *Arizonans for Official English v. Arizona*, 520 U.S.

3

43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss the Plaintiff's claims against these Defendants.

The Plaintiff has moved for appointment of counsel. The Court weighs several factors when considering a motion for appointment of counsel in a civil rights case, including " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the Complaint and subsequent pleadings in light of the foregoing factors. The Plaintiff understands the issues in the case and appears to be representing himself in an intelligent and capable manner. The Court will deny the motion.

The Plaintiff has served discovery requests and moved for leave to conduct discovery. By local rule, the Court excludes this prisoner civil rights case from the usual pretrial case management procedures. *See* D.N.M.LR-Civ.16.3(d). The Court has not entered a scheduling order, and the parties have not agreed to start discovery on their own. *See* D.N.M.LR-Civ. 26.4(a) and 26.5(a). Defendants need not respond to Plaintiff's requests at this time, and the Court will stay discovery until further order.

Finally, the Plaintiff has requested service of process by the U.S. Marshal. Under rule 4(d) of the Federal Rules of Civil Procedure, a party may request waivers of service from Defendants before the Court directs personal service by the Marshal. The Court will deny the motion at this time.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

4

**IT IS FURTHER ORDERED** that the Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to the Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk is directed to provide the Plaintiff with two copies of the post-filing financial certificate, and the Plaintiff shall identify monthly payments by the civil action number on this order;

**IT IS FURTHER ORDERED** that the Plaintiff's motion for appointment of counsel (Doc. 3) is DENIED at this time;

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery and service of process (Doc. 11) is DENIED at this time, and discovery is STAYED in this matter until further order;

**IT IS FURTHER ORDERED** that the Plaintiff's claims against Defendants Williams and Department of Corrections are DISMISSED with prejudice, and these Defendants are DISMISSED as parties to this action;

**IT IS FINALLY ORDERED** that the Clerk is directed to issue notice and waiver forms, with copies of the complaint and this Order, for Defendants Moya, Garcia, Wexford Health Source, and Breen.

_____
UNITED STATES DISTRICT JUDGE