IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIE JAMES WASHINGTON,**

        **Plaintiff,**

v.                                                                      Case No. CIV-05-257 JB/LAM

**JOE R. WILLIAMS, et al.**

        **Defendants.**

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

## **PROPOSED FINDINGS**

**THIS MATTER** is before the Court on the motion for summary judgment contained in *Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*) (hereinafter, "*Wexford/Breen Martinez Report and Motion for Summary Judgment*") filed by Defendants Wexford Health Sources, Inc. (hereinafter, "Wexford") and Dr. Philip Breen (hereinafter, "Breen").[2] In opposition to the *Wexford/Breen Martinez Report and Motion for Summary Judgment*, Plaintiff filed his *Affidavit of Willie James Washington* (*Doc. 26*) (hereinafter, "Plaintiff's Affidavit"). In response to Plaintiff's Affidavit, Defendants Wexford and Breen filed their *Defendants' Reply in Support of Their Martinez Report* (*Doc. 28*)

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

[2] The *Wexford/Breen Martinez Report and Motion for Summary Judgment* was filed pursuant to the Court's *Order to File a Martinez Report and Setting Deadlines for Dispositive Motions and Denying Plaintiff's Request for a Settlement Conference* (*Doc. 23*). A *Martinez* report was required, in part, to determine whether Plaintiff had exhausted administrative remedies available through the prison grievance procedure. Defendants Wexford and Breen filed their *Martinez* report and exhibits in the same document as their motion for summary judgment.

(hereinafter, "Wexford/Breen Reply"). In deciding this matter, the Court has considered the ***Wexford/Breen Martinez Report and Motion for Summary Judgment***, Plaintiff's Affidavit, the Wexford/Breen Reply, all exhibits thereto, the record of this case and relevant law.

For the reasons set forth below, the Court recommends that the motion for summary judgment contained in the ***Wexford/Breen Martinez Report and Motion for Summary Judgment*** be **GRANTED IN PART**, for Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a), and that Plaintiff's federal claims against Wexford and Breen be **DISMISSED WITHOUT PREJUDICE**.[3] With regard to Plaintiff's state law claims against Wexford and Breen, the Court recommends that supplemental jurisdiction over these claims be declined and that they be **DISMISSED WITHOUT PREJUDICE**.

*Background*

Plaintiff was incarcerated at the Penitentiary of New Mexico (hereinafter, "PNM") beginning in June of 2004.[4] He was a prisoner at PNM when he brought this lawsuit, but he was released from custody on March 23, 2005.[5] Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991).

---

[3]Because the Court has determined that Wexford's and Breen's motion for summary judgment should be granted in part, for Plaintiff's failure to exhaust administrative remedies, the Court does not reach their argument that summary judgment is appropriate on the merits of Plaintiff's federal claims and the Court expresses no opinion on that argument.

[4]*See **Defendants' Martinez Report and Motion for Summary Judgment*** (*Doc. 24*) at 2.

[5]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits*** (*Doc. 1*) at 1; ***Defendants' Martinez Report and Motion for Summary Judgment*** (*Doc. 24*) at 2.

Plaintiff asserts federal claims against Defendants Wexford and Breen under 42 U.S.C. §§ 1983, 1985(3) and 1988.  For his § 1983 claim, Plaintiff alleges that Wexford and Breen violated his Eighth Amendment right to be free of cruel and unusual punishment by their deliberate indifference to his medical needs by denying him medical treatment for Hepatitis B and C while he was incarcerated at PNM.[6]  For his § 1985(3) claim, Plaintiff alleges that Wexford and Breen conspired to deprive him of medical treatment for Hepatitis B and C because of his race which is black.[7]  Plaintiff asserts state tort claims against Wexford and Breen based on the same facts as his federal claims.[8]  As remedies, Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.[9]  He also seeks an award of reasonable attorney's fees, even though he appears in this case *pro se*, and costs pursuant to 42 U.S.C. § 1988.[10]

It is undisputed that Defendant Wexford contracted with the State of New Mexico to provide medical services to the State's prisoners while Plaintiff was incarcerated at PNM.[11]  It is also undisputed that Defendant Breen, a physician working under contract with Wexford, provided

---

[6]*See* ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits*** (*Doc. 1*) at 2-7.

[7]*Id.* at 6-7.

[8]Plaintiff's state claims appear to be claims for violation of the New Mexico Constitution and tort claims related to his medical treatment for Hepatitis B and C while he was incarcerated at PNM.  *See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (Doc. 1)* at 2, 4-6.

[9]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits*** (*Doc. 1*) at 7.

[10]*Id.*

[11]*See **Defendants' Martinez Report and Motion for Summary Judgment*** (*Doc. 24*), at 6; ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits*** (*Doc. 1*) at ¶ 5; ***Answer of Defendants Wexford Health Sources, Inc. and Dr. Philip Breen to Civil Rights Complaint Pursuant to 42 U.S.C. § 1985(3), 1988 and/or Tort Complaint Suits*** (*Doc. 19*) at ¶ 5.

medical care to Plaintiff at PNM while Plaintiff was incarcerated there.[12] In their motion for summary judgment, Wexford and Breen ask the Court, *inter alia*, to dismiss Plaintiff's federal claims for failure to exhaust administrative remedies. Wexford and Breen argue that Plaintiff's federal claims should be dismissed with prejudice pursuant to 42 U.S.C. § 1997e(a) because Plaintiff failed to fully exhaust prison administrative remedies with regard to those claims. Wexford and Breen make no argument in their motion for summary judgment for the dismissal of Plaintiff's state law claims.

### *Legal Standard for Summary Judgment*

A motion for summary judgment may only be granted when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). In seeking a grant of summary judgment, the movant must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). This initial burden can be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met this burden, the non-moving party may not rest on mere allegations or denials in his pleadings but, "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In this case, Wexford's and Breen's *Martinez* report is treated like an affidavit and the Court is not authorized to accept the factual

---

[12] *See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at ¶ 6; *Answer of Defendants Wexford Health Sources, Inc. and Dr. Philip Breen to Civil Rights Complaint Pursuant to 42 U.S.C. § 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 19*) at ¶ 6.

findings in their *Martinez* report if Plaintiff has presented conflicting evidence. *See Hall v. Bellmon*, 935 F.2d at 1111.

A "genuine issue" for trial is not simply "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Munoz v. St. Mary-Corwin Hospital*, 221 F.3d 1160, 1164 (10th Cir. 2000) (party opposing motion must present sufficient evidence for a jury to return a verdict in that party's favor). In deciding a motion for summary judgment, the Court must consider the factual record and draw all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255; *Munoz v. St. Mary-Corwin Hospital*, 221 F.3d at 1164.

The party opposing a motion for summary judgment must be given notice and an opportunity to respond, as provided in Fed. R. Civ. P. 56(c). *See Hall v. Bellmon*, 935 F.2d at 1111. Moreover, a *pro se* litigant must be given an opportunity to controvert the facts alleged in a *Martinez* report. *Id.* at 1109. In this case, in its order to file a *Martinez* report, the Court notified the parties that the *Martinez* report could be used in deciding whether to grant summary judgment on Plaintiff's claims and instructed the parties to submit whatever materials they considered relevant to Plaintiff's claims in their submissions related to the *Martinez* report.[13] Plaintiff responded to Wexford's and Breen's *Martinez* report and motion for summary judgment by filing his Plaintiff's Affidavit.

---

[13]*See* **Order to File a Martinez Report and Setting Deadlines for Dispositive Motions and Denying Plaintiff's Request for a Settlement Conference** (*Doc. 23*), at 6.

### *Exhaustion of Prison Administrative Remedies*

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (hereinafter, "PLRA"),[14] a prisoner is required to exhaust available prison administrative remedies before suing over prison conditions, regardless of whether the prisoner is suing for injunctive relief or money damages. *See Booth v. Churner, et al.*, 532 U.S. 731, 741 (2001). The relevant provision is 42 U.S.C. § 1997e(a), which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). This includes complaints about a prisoner's medical treatment in prison. *See Witzke v. Femal*, 376 F.3d 744, 751-752 (7th Cir. 2004).

Exhaustion of prison administrative remedies is a mandatory precondition to bringing suit on federal claims and dismissal is required where a prisoner has failed to complete such exhaustion. *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1140-1141 (10th Cir. 2005).[15] Moreover, claims must be fully exhausted through all of the required steps of a prison grievance procedure. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA

---

[14] 110 Stat. 1321.

[15] The Court notes that there is a limited exception to the PLRA exhaustion requirement in 42 U.S.C. § 1997e(c)(2), which provides for the dismissal, without exhaustion of administrative remedies, of a prisoner's claim that "is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

for failure to exhaust his administrative remedies."). The fact that an administrative remedy may be time-barred, does not excuse an inmate from the exhaustion requirement. *See Jernigan v. Stuchell*, 304 F.3d at 1033 (An inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default.").

In the Tenth Circuit, a prisoner must plead exhaustion in his complaint and describe his efforts to exhaust prison administrative remedies. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). Exhaustion is not an affirmative defense "to be raised and proven by a defendant." *Id.* at 1209. In cases like this one, where exhaustion is not clear from a plaintiff's complaint and supporting materials, a motion for summary judgment regarding the issue of exhaustion and the prisoner's efforts to exhaust is appropriate. *Id.* at 1212.

*Plaintiff's Federal Claims*

In their motion for summary judgment, Defendants Wexford and Breen contend that Plaintiff failed to fully exhaust prison administrative remedies with regard to his federal claims that he was denied medical treatment for Hepatitis B and C while incarcerated at PNM and, therefore, these claims should be dismissed with prejudice. The gist of Defendants' argument is that although Plaintiff did file a grievance complaining that he was denied medical treatment for Hepatitis B and C while incarcerated at PNM, he failed to appeal that grievance through all of the steps in the prison grievance procedure and, therefore, failed to fully exhaust available administrative remedies with regard to his claims.

In his complaint, Plaintiff alleged that he exhausted all prison administrative remedies with regard to his claims.[16] As proof of exhaustion, Plaintiff attached copies of the following documents to his complaint: (1) a one-page letter from New Mexico Corrections Department Lieutenant Michael Lawton to Plaintiff dated October 20, 2004, regarding Plaintiff's medical treatment at PNM;[17] (2) two pages related to Grievance No. 04-10-07-N filed by Plaintiff regarding his medical treatment at PNM;[18] and (3) a one-page Inmate Informal Complaint dated October 4, 2004, submitted by Plaintiff regarding his medical treatment at PNM.[19]

In their *Martinez* report and motion for summary judgment, Defendants Wexford and Breen submitted copies of the policies and procedures regarding prisoner grievances that were in effect at PNM while Plaintiff was incarcerated there.[20] They also submitted Plaintiff's grievance file from PNM.[21] These submissions by Wexford and Breen do not include copies of revised policies and procedures for prisoner grievances in effect at PNM beginning on August 25, 2004, that were included in their co-defendants' *Martinez* report and motion for summary judgment filed in this case.[22]

---

[16]*See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at 4.

[17]*Id.* at 10.

[18]*Id.* at 11-12.

[19]*Id.* at 13.

[20]*See Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*) at 7, and Exhibits D and E.

[21]*See Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*) at 10, and Exhibit H. The Court notes that Exhibit H includes copies of all of the documents that Plaintiff attached to his complaint except page 10 of the complaint.

[22]The revised policies and procedures are CD-150500 and CD-150501 (Issued 9/1/90; Effective 9/1/90; Review/Revised 8/25/04). *See Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*), Exhibit 7.

The Court takes judicial notice of these revised policies and procedures, to which Plaintiff has raised no objection, pursuant to FED. R. EVID. P. 201. The materials submitted by Wexford and Breen, and the other materials considered by the Court in deciding this matter, demonstrate that Plaintiff failed to fully exhaust prison administrative remedies with regard to his federal claims that he was denied medical treatment for Hepatitis B and C while incarcerated at PNM. Because the undisputed facts, discussed below, show that Plaintiff failed to exhaust prison administrative remedies with regard to these claims, summary judgment in favor of Wexford and Breen is appropriate on the issue of exhaustion and Plaintiff's federal claims against these Defendants should be dismissed without prejudice.

Plaintiff's grievance file from PNM shows that he filed a total of three formal grievances regarding his medical treatment while he was incarcerated there in 2004 and 2005. These were Grievance Nos. 04-07-25-S, 04-08-01-S and 04-10-07-N.[23] Only Grievance No. 04-10-07-N contained allegations that Plaintiff was denied medical treatment for Hepatitis B or C.[24]

The grievance policies and procedures in effect at PNM when Plaintiff filed Grievance No. 04-10-07-N defined grievable matters and established a grievance procedure for inmates to follow to file complaints about prison conditions.[25] If a matter was grievable, the multi-step grievance procedure required that an inmate do the following: (1) attempt to resolve the grievance informally through discussion with the person or persons responsible for the circumstances giving rise to the grievance,

---

[23] *See Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*), Exhibit H at WEX 0291, 0295-0299, 0300, 0302, 0304-0306 and 0309-0310.

[24] *Id.* at WEX 0300-0302, 0304-0307, 0309-0310.

[25] *See Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*), Exhibit 7.

after filing an informal complaint using an Inmate Informal Complaint Form (CD-150501.3); (2) if informal efforts to resolve the grievance fail, file a written grievance with the institutional Grievance Officer using Inmate Grievance Form (CD-150501.1); and (3) if the inmate was not satisfied with the decision of the prison Warden following an investigation of the grievance by the Grievance Officer and the delivery of a recommended disposition to the Warden by the Grievance Officer, file an appeal to the Office of the Secretary of Corrections by completing the appeal section of the Inmate Grievance Form and submitting the form to the Grievance Officer.[26]  If the decision of the Warden was appealed, the decision of the Secretary of Corrections or his designee on the appealed grievance was final and concluded all administrative remedies.[27]  The grievance policies and procedures set time limits for filing and appealing grievances and required that an appeal from the Warden's decision on a grievance be filed within seven calendar days of the inmate's receipt of the Warden's decision.[28]

The record shows that Plaintiff initially sought an informal resolution of his complaint that he was denied medical treatment for Hepatitis B and C at PNM.  He did this by submitting an Inmate Informal Complaint form dated October 4, 2004, which stated, *inter alia*, "I have B + C hepatitis and it can be cured with treatments" and "medical is refusing to care for me properly."[29]  In response to this informal complaint, PNM staff wrote on October 12, 2004: "Inmate was seen by medical staff

---

[26]*See **Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (Doc. 25)*, Exhibit 7 at 495-498.

[27]*Id.* at 498.

[28]*Id.*

[29]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (Doc. 1)* at 13; ***Defendants' Martinez Report and Motion for Summary Judgment*** *(Doc. 24)*, Exhibit H at WEX 0301, 0303, 0307.

today 10/12/04 and was placed on the list for the eye doctor, in addition was given his results of the C.T. Test. Medical is addressing his medical needs."[30]

Plaintiff initiated formal Grievance No. 04-10-07-N on October 14, 2004, by submitting an Inmate Grievance form in which he complained that he was being denied medical treatment to cure his Hepatitis B and C.[31] In this grievance, Plaintiff also complained about not being scheduled for an eye examination and an updated eyeglass prescription, not receiving treatment for a disc problem, not being scheduled for a heart by-pass operation, and being given medications that caused his liver to malfunction.[32] As relief, Plaintiff asked to be sent "without unnecessary delay" to the Central New Mexico Correctional Facility "to be properly medically cared for."[33] He also asked for new eyeglasses and heart by-pass surgery.[34]

The grievance form for Grievance No. 04-10-07-N shows that Grievance Officer Lee Quintana accepted the grievance for consideration and, on October 22, 2004, reported the results of his investigation of the grievance and his recommended disposition of the grievance to the Warden.[35] With regard to Plaintiff's complaint that he was denied treatment for Hepatitis B and C, Quintana reported:

---

[30]*Id.* It appears that Plaintiff made an earlier attempt to resolve his complaint about being denied medical treatment for Hepatitis B and C in a letter to Joe Williams, the Secretary of Corrections, to which Lieutenant Michael Lawton of the New Mexico Department of Corrections responded on October 20, 2004. *See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at 10.

[31]*See Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*), Exhibit H at WEX 0300, 0305, 0309.

[32]*Id.*

[33]*Id.*

[34]*Id.*

[35]*Id.* at WEX 0300, 0302, 0305, 0306, 0309-0310.

11

> There are procedures and criteria to follow for treatment of Hepatitis C. Inmate Washington will be presented before the committee working with Hepatitis C according to procedure. At this time Mr. Washington is being treated appropriately for Hepatitis B.[36]

Quintana's recommendation to the Warden was that the grievance was being resolved based on information provided by the prison medical department.[37] On November 7, 2004, the Warden noted his decision on the grievance form, indicating that he considered the grievance resolved, and the form shows that it was returned to Plaintiff with the Warden's decision on November 9, 2004.[38]

On November 11, 2004, Plaintiff completed the section of the grievance form for filing an appeal from the decision of the Warden.[39] In the section of the grievance form requesting an appeal, Plaintiff gave the following reasons for the appeal:

> This appeal is based on the fact that it has been approximately 5 to 6-[sic] months that medical has known that my eye-glasses are broken and that my current prescription is over 2½ years old and is causing me to have runny eyes and headaches with poor eye vision and has repeatedly told me that I have been scheduled to the see the optometrist over 5-[sic] months ago.[40]

There is no mention of Hepatitis B and C, or Plaintiff's medical treatment for those diseases, in Plaintiff's stated reasons for the appeal. On November 29, 2004, Erma Sedillo, Deputy Secretary - Operations for the New Mexico Corrections Department,[41] issued a final decision on Plaintiff's appeal

---

[36]*Id.* at WEX 0302, 0306, 0310.

[37]*Id.*

[38]*Id.*

[39]*Id.* at WEX 0306, 0310.

[40]*Id.*

[41]As noted above, the final step of the grievance procedure at PNM was an appeal to the Secretary of Corrections or his designee. The title of Erma Sedillo, who decided Plaintiff's appeal of Grievance No. 04-10-07-N, (continued...)

of Grievance No. 04-10-07-N, denying the appeal and finding that Plaintiff was receiving appropriate medical attention and that he had failed to provide any evidence to support his claim.[42] There was no mention of Hepatitis B or C in Ms. Sedillo's decision denying the grievance.[43] Thus, although Plaintiff filed a grievance complaining that he was denied medical treatment for Hepatitis B and C, the undisputed evidence shows that he failed to appeal that complaint to Ms. Sedillo and thereby failed to exhaust all of the steps in the prison grievance procedure with regard to that complaint. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Accordingly, the Court concludes that Plaintiff failed to fully exhaust his administrative remedies with regard to his federal claims.

### *Dismissal Without Prejudice*

Defendants Wexford and Breen ask the Court to dismiss Plaintiff's federal claims with prejudice for failure to exhaust administrative remedies.[44] They assert that these claims should be dismissed with prejudice because the claims are time-barred under the prison grievance procedure and, therefore, Plaintiff cannot exhaust his administrative remedies.[45] On this issue the Court is

---

[41](...continued)
was Deputy Secretary - Operations. Presumably, Sedillo was acting as the Secretary's designee at the time she decided the appeal. Plaintiff does not allege, and there is no evidence in the record to suggest, that Sedillo lacked authority to decide Plaintiff's grievance appeal and her authority to decide the appeal has not been questioned in this litigation.

[42]*See Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*), Exhibit H at WEX 0304.

[43]*Id.*

[44]*See Defendants' Martinez Report and Motion for Summary Judgment* (*Doc. 24*) at 13.

[45]The PNM grievance procedure applicable to Plaintiff's claims required that appeals from decisions of the Warden on a grievance be submitted within seven calendar days of receiving the Warden's decision. *See Defendants*
(continued...)

13

guided by Tenth Circuit precedent holding that unexhausted prisoner claims under 42 U.S.C. § 1983 and other federal laws should ordinarily be dismissed without prejudice. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212-1213 (10th Cir. 2003) (holding that dismissal of prisoner's claims based on lack of exhaustion of administrative remedies should ordinarily be without prejudice). Accordingly, the Court concludes that Plaintiff's federal claims should be dismissed without prejudice.

### *Plaintiff's State Claims*

Wexford and Breen make no argument in their motion for summary judgment for dismissal of Plaintiff's state law claims. Having determined that Plaintiff's federal claims against Wexford and Breen should be dismissed without prejudice for failure to exhaust administrative remedies, the Court must determine whether supplemental jurisdiction should be retained over his state claims. The exercise of supplemental jurisdiction is discretionary. *See New Mexico v. General Electric Co.*, 335 F. Supp. 2d 1157, 1176 (D.N.M. 2003) (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997)). A federal court may decline supplemental jurisdiction over state law claims if, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has recommended that Plaintiff's federal claims be dismissed in their entirety and there appears to be no other basis for federal jurisdiction over Plaintiff's state claims, it is recommended that supplemental jurisdiction be declined with regard to Plaintiff's state claims against Wexford and Breen and that Plaintiff's state claims against these Defendants be **DISMISSED WITHOUT PREJUDICE**.

### *Conclusion*

---

[45](...continued)
***Moya's and Garcia's Martinez Report and Motion for Summary Judgment*** (*Doc. 25*), Exhibit 7 at 498.

There are no genuine issues of material fact with regard to Plaintiff's exhaustion of administrative remedies as to his federal claims that Defendants Wexford and Breen denied him medical treatment for Hepatitis B and C. Plaintiff failed to fully exhaust PNM's administrative remedies with regard to his federal claims and Defendants are entitled to summary judgment on this issue as a matter of law. Accordingly, under 42 U.S.C. § 1997e(a), Wexford's and Breen's motion for summary judgment should be granted on the issue of exhaustion of administrative remedies and Plaintiff's federal claims against Wexford and Breen should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Because the Court concludes that Plaintiff's federal claims should be dismissed without prejudice for failure to exhaust administrative remedies, the Court expresses no opinion on the merits of the other arguments asserted in Wexford's and Breen's motion for summary judgment. Additionally, supplemental jurisdiction should be declined with regard to Plaintiff's state claims against Wexford and Breen and these claims should be **DISMISSED WITHOUT PREJUDICE**.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that the motion for summary judgment contained in ***Defendants' Martinez Report and Motion for Summary Judgment*** (*Doc. 24*) be **GRANTED IN PART**, for Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a), and that Plaintiff's federal claims against Defendants Wexford and Breen be **DISMISSED WITHOUT PREJUDICE**. With regard to Plaintiff's state claims against Wexford

and Breen, the Court recommends that supplemental jurisdiction over these claims be declined and that they be **DISMISSED WITHOUT PREJUDICE**.

_____
**HONORABLE LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**