IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE JAMES WASHINGTON,

    Plaintiff,

v.             Case No. CIV-05-257 JB/LAM

JOE R. WILLIAMS, et al.

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

  **THIS MATTER** is before the Court on *Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*) (hereinafter, "*Moya/Garcia Martinez Report and Motion for Summary Judgment*") filed by Defendants Stanley Moya and Gilbert Garcia.[2] In opposition to the *Moya/Garcia Martinez Report and Motion for Summary Judgment*, Plaintiff filed his *Affidavit of Willie James Washington* (*Doc. 26*) (hereinafter, "Plaintiff's Affidavit"). Defendants Moya and Garcia did not file a reply to Plaintiff's Affidavit. In deciding this matter, the Court has considered the *Moya/Garcia Martinez Report and Motion for Summary Judgment*, Plaintiff's Affidavit, all exhibits thereto, the record of this case and relevant law.

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] The *Moya/Garcia Martinez Report and Motion for Summary Judgment* was filed pursuant to the Court's *Order to File a Martinez Report and Setting Deadlines for Dispositive Motions and Denying Plaintiff's Request for a Settlement Conference* (*Doc. 23*). A *Martinez* report was required, in part, to determine whether Plaintiff had exhausted administrative remedies available through the prison grievance procedure. Defendants Moya and Garcia filed their *Martinez* report and exhibits in the same document as their motion for summary judgment.

For the reasons set forth below, the Court recommends that summary judgment be **GRANTED** *sua sponte* on the issue of whether Plaintiff exhausted prison administrative remedies with regard to his federal claims against Defendants Moya and Garcia, and that these claims be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a).[3]  With regard Plaintiff's state claims against Moya and Garcia, the Court recommends that supplemental jurisdiction over these claims be declined and that they also be **DISMISSED WITHOUT PREJUDICE**.

### Background

Plaintiff was incarcerated at the Penitentiary of New Mexico (hereinafter, "PNM") when he brought this lawsuit, but he was released from custody on March 23, 2005.[4]  Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  It is undisputed that Defendant Moya was the Warden at PNM while Plaintiff was incarcerated there.[5]

---

[3]Because the Court has determined that Plaintiff's federal claims against Defendants Moya and Garcia should be dismissed *sua sponte* for Plaintiff's failure to exhaust administrative remedies, the Court does not reach their argument that summary judgment is appropriate on the merits of Plaintiff's federal claims and the Court expresses no opinion on that argument.  Nor does the Court recommend any ruling on the motion for summary judgment because a ruling on the motion is unnecessary.

[4]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (Doc. 1) at ¶ 1; **Defendants Moya's and Garcia's Answer** (Doc. 20) at ¶ 1; **Defendants  Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (Doc. 25) at 1.*

[5]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (Doc. 1) at ¶ 3; **Defendants Moya's and Garcia's Answer** (Doc. 20) at ¶ 1.*

2

It is also undisputed that Defendant Garcia was the Chief of the Classifications Bureau at PNM while Plaintiff was incarcerated there.[6]

Plaintiff asserts federal claims against Defendants Moya and Garcia under 42 U.S.C. §§ 1983, 1985(3) and 1988.  For his § 1983 claim, Plaintiff alleges that Moya and Garcia violated his Eighth Amendment right to be free of cruel and unusual punishment by their deliberate indifference to his medical needs by denying him medical treatment for Hepatitis B and C while he was incarcerated at PNM.[7]  For his § 1985(3) claim, Plaintiff alleges that Moya and Garcia  conspired to deprive him of medical treatment for Hepatitis B and C because of his race which is black.[8]  Plaintiff asserts state tort claims against Moya and Garcia based on the same facts as his federal claims.[9]  As remedies, Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.[10]  He also seeks an award of reasonable attorney's fees, even though he appears in this case *pro se*, and costs pursuant to 42 U.S.C. § 1988.[11]

---

[6]*See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at 3; ***Defendants Moya's and Garcia's Answer*** (*Doc. 20*) at ¶ 1.

[7]*See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at 2-7.

[8]*Id.* at 6-7.

[9]Plaintiff's state claims appear to be claims for violation of the New Mexico Constitution and tort claims related his medical treatment for Hepatitis B and C while he was incarcerated at PNM.  *See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at 2, 4-6.

[10]*See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits* (*Doc. 1*) at 7.

[11]*Id.*

### *Legal Standard for Summary Judgment*

Summary judgment may only be granted when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c).  In this case, Moya's and Garcia's *Martinez* report is treated like an affidavit and the Court is not authorized to accept the factual findings in their *Martinez* report if Plaintiff has presented conflicting evidence.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

A "genuine issue" for trial is not simply "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Munoz v. St. Mary-Corwin Hospital*, 221 F.3d 1160, 1164 (10th Cir. 2000) (party opposing motion must present sufficient evidence for a jury to return a verdict in that party's favor).  In deciding whether to grant summary judgment, the Court must consider the factual record and draw all reasonable inferences in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255; *Munoz v. St. Mary-Corwin Hospital*, 221 F.3d at 1164.

A court may enter summary judgment *sua sponte*, provided that the party against whom summary judgment will be entered has been given adequate notice and sufficient opportunity to demonstrate why summary judgment should not be granted.  *See Graham v. City of Oklahoma City, Oklahoma*, 859 F.2d 142, 144 (10th Cir. 1988), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  In this case, in its order to file a *Martinez* report, the Court specifically notified the parties that the *Martinez* report could be used in deciding whether to grant summary judgment on Plaintiff's claims "whether by motion or *sua sponte*," and the Court instructed the parties to "submit whatever

4

materials they consider[ed] relevant to Plaintiff's claims in their submissions related to the *Martinez* report including, but not limited to, any counter-affidavits or other responsive material."[12]   The Court also noted in that order that Defendants Wexford Health Sources, Inc. and Dr. Philip Breen had asserted failure to exhaust prison administrative remedies as an affirmative defense and the Court ordered all Defendants to include with their *Martinez* report copies of the administrative grievances procedures in effect at PNM during the time at issue in Plaintiff's complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with regard to his claims.[13]   Both *Martinez* reports filed by Defendants in this case include copies of prison grievance procedures and copies of grievances filed by Plaintiff at PNM.[14]   Additionally, Defendants Wexford and Breen filed a motion for summary judgment asking the Court to dismiss Plaintiff's federal claims for failure to exhaust prison administrative remedies.[15]   Plaintiff was given the opportunity to respond to both *Martinez* reports and to Wexford's and Breen's motion for summary judgment, and he did so by filing his Plaintiff's Affidavit.   Based on the foregoing, the Court concludes that Plaintiff had adequate notice in this case that the Court might enter summary judgment *sua sponte* on the issue of exhaustion of prison administrative remedies and that Plaintiff also had sufficient opportunity to submit evidence demonstrating why summary judgment should not be granted on that issue.

### *Exhaustion of Prison Administrative Remedies*

---

[12]*See **Order to File a Martinez Report and Setting Deadlines for Dispositive Motions and Denying Plaintiff's Request for a Settlement Conference*** (*Doc. 23*) at 6.

[13]*Id.* at 2, 4.

[14]*See **Defendants' Martinez Report and Motion for Summary Judgment*** (*Doc.24*); ***Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment*** (*Doc. 25*).

[15]*See **Defendants' Martinez Report and Motion for Summary Judgment*** (*Doc.24*).

In their *Martinez* report and motion for summary judgment, Defendants Moya and Garcia do not argue that Plaintiff failed to exhaust prison administrative remedies with regard to his federal claims that he was denied medical care for Hepatitis B and C while incarcerated at PNM.[16]  In fact, in their answer these Defendants admit that Plaintiff exhausted his prison administrative remedies.[17]  However, the Court notes that exhaustion is not an affirmative defense that can be waived by not being raised.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-1210 (10th Cir. 2003) ("[W]e cannot view § 1997e(a) exhaustion as an affirmative defense to be specially pleaded or waived.  Instead, we conclude that § 1997e(a) imposes a pleading requirement on the prisoner." *Id.* at 1210).  And the Court may raise the issue of exhaustion *sua sponte* if a defendant fails to do so. *Id.* at 1211;  *see also Horton v. Ortiz*, No. 05-1022, 2005 WL 1484774, at *2 (10th Cir. June 23, 2005) (unpublished) ("The court did not err in raising [the prisoner's] failure to exhaust and in dismissing his complaint without prejudice on that ground.").  Moreover, if a prisoner does fail to demonstrate that he fully exhausted prison administrative remedies before filing federal claims regarding prison conditions, dismissal of the claims is mandatory.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 736-737 (2001); *Steele v. Federal Bureau of Prisons*, 355 F.3d at 1211.  Thus, the Court concludes that Moya's and Garcia's failure to raise the issue of exhaustion of administrative remedies does not preclude the Court from considering the issue *sua sponte*.  Nor does the Court consider itself bound by Moya's and Garcia's concession that Plaintiff fully exhausted

---

[16]*See **Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (Doc. 25).*

[17]*See **Defendants Moya's and Garcia's Answer** (Doc. 20) at ¶ 9.*  Additionally, in their *Martinez* report and motion for summary judgment, Defendants Moya and Garcia seem to concede that Plaintiff fully exhausted PNM's administrative remedies for his federal claims by stating with regard to Grievance No. 04-10-07-N, which included a complaint by Plaintiff that he was denied medical treatment to cure Hepatitis B and C, that Plaintiff appealed the response to this grievance "through the final level of review."  ***Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment*** *(Doc. 25)* at 5.

PNM's administrative remedies with regard to his federal claims when the undisputed facts of this case are to the contrary and this concession would be patently erroneous.  It is the Court's responsibility, not the Defendants', to review the exhaustion issue under 42 U.S.C. §1997e(a).  *See Steele v. Federal Bureau of Prisons*, 355 F.3d at 1211.  In this case, the undisputed facts show that Plaintiff failed to fully exhaust PNM's administrative remedies with regard to his federal claims that he was denied medical treatment for Hepatitis B and C while incarcerated at PNM.

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (hereinafter, "PLRA"),[18] a prisoner is required to exhaust available prison administrative remedies before suing over prison conditions, regardless of whether the prisoner is suing for injunctive relief or money damages.  *See Booth v. Churner, et al.*, 532 U.S. 731, 741 (2001).  The relevant provision is 42 U.S.C. § 1997e(a), which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  This includes complaints about a prisoner's medical treatment in prison.  *See Witzke v. Femal*, 376 F.3d 744, 751-752 (7th Cir. 2004).

Exhaustion of prison administrative remedies is a mandatory precondition to bringing suit on federal claims and dismissal is required where a prisoner has failed to complete such exhaustion. *See*

---

[18]110 Stat. 1321.

*Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1140-1141 (10th Cir. 2005).[19] Moreover, claims must be fully exhausted through all of the required steps of a prison grievance procedure.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").  The fact that an administrative remedy may be time-barred, does not excuse an inmate from the exhaustion requirement.  *See Jernigan v. Stuchell*, 304 F.3d at 1033 (An inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default.").

In the Tenth Circuit, a prisoner must plead exhaustion in his complaint and describe his efforts to exhaust prison administrative remedies.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003).  In cases like this one, where exhaustion is not clear from a plaintiff's complaint and supporting materials, summary judgment on the issue of exhaustion and the prisoner's efforts to exhaust can be appropriate.  *Id.* at 1212.

---

[19]The Court notes that there is a limited exception to the PLRA exhaustion requirement in 42 U.S.C. § 1997e(c)(2), which provides for the dismissal, without exhaustion of administrative remedies, of a prisoner's claim that "is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

***Plaintiff's Federal Claims***

In his complaint, Plaintiff alleged that he exhausted all prison administrative remedies with regard to his claims.[20]  As proof of exhaustion, Plaintiff attached copies of the following documents to his complaint: (1) a one-page letter from New Mexico Corrections Department Lieutenant Michael Lawton to Plaintiff dated October 20, 2004, regarding Plaintiff's medical treatment at PNM;[21] (2) two pages related to Grievance No. 04-10-07-N filed by Plaintiff regarding his medical treatment at PNM;[22] and (3) a one-page Inmate Informal Complaint dated October 4, 2004, submitted by Plaintiff regarding his medical treatment at PNM.[23]

In their *Martinez* report and motion for summary judgment, Defendants Moya and Garcia submitted copies of the policies and procedures regarding prisoner grievances that were in effect at PNM while Plaintiff was incarcerated there.[24]  They also submitted copies of the grievances that Plaintiff filed at PNM related to his medical treatment.[25]  These materials submitted by Moya and Garcia, and the other materials in the record considered by the Court in deciding this matter, demonstrate that Plaintiff failed to fully exhaust prison administrative remedies with regard to his federal claims that he was denied medical treatment for Hepatitis B and C while incarcerated at PNM.

---

[20]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (Doc. 1)* at 4.

[21]*Id.* at 10.

[22]*Id.* at 11-12.

[23]*Id.* at 13.

[24]*See **Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (Doc. 25)* at 5, and Exhibits 6 and 7.

[25]*See **Defendants Moya' and Garcia's Martinez Report and Motion for Summary Judgment** (Doc. 25)* at 5, and Exhibits 8, 9 and 10.

Because the undisputed facts, discussed below, show that Plaintiff failed to exhaust prison administrative remedies with regard to these claims, summary judgment should be granted in favor of Moya and Garcia on the issue of exhaustion of administrative remedies and Plaintiff's federal claims against these Defendants should be dismissed without prejudice.

Plaintiff's grievances from PNM show that he filed a total of three formal grievances regarding his medical treatment while he was incarcerated there in 2004 and 2005.  These were Grievance Nos. 04-10-07-N, 04-08-01-S and 04-07-25-S.[26]   Only Grievance No. 04-10-07-N contained allegations that Plaintiff was denied medical treatment for Hepatitis B or C.[27]

The grievance policies and procedures in effect at PNM when Plaintiff filed Grievance No. 04-10-07N defined grievable matters and established a grievance procedure for inmates to follow to file complaints about prison conditions.[28]  If a matter was grievable, the multi-step grievance procedure required that an inmate do the following: (1) attempt to resolve the grievance informally through discussion with the person or persons responsible for the circumstances giving rise to the grievance, after filing an informal complaint using an Inmate Informal Complaint Form (CD-150501.3); (2) if informal efforts to resolve the grievance fail, file a written grievance with the institutional Grievance Officer using Inmate Grievance Form (CD-150501.1); and (3) if the inmate was not satisfied with the decision of the prison Warden following an investigation of the grievance by the Grievance Officer and the delivery of a recommended disposition to the Warden by the Grievance Officer, file an appeal

---

[26]*See Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*) at 5-6, and Exhibits 8 - 10, respectively.

[27]*See Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*), Exhibits 8 - 10.

[28]*See Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*), Exhibit 7.

to the Office of the Secretary of Corrections by completing the appeal section of the Inmate Grievance Form and submitting the form to the Grievance Officer.[29]  If the decision of the Warden was appealed, the decision of the Secretary of Corrections or his designee on the appealed grievance was final and concluded all administrative remedies.[30]  The grievance policies and procedures set time limits for filing and appealing grievances and required that an appeal from the Warden's decision on a grievance be filed within seven calendar days of the inmate's receipt of the Warden's decision.[31]

The record shows that Plaintiff initially sought an informal resolution of his complaint that he was denied medical treatment for Hepatitis B and C at PNM.  He did this by submitting an Inmate Informal Complaint form dated October 4, 2004,  which stated, *inter alia*, "I have B + C hepatitis and it can be cured with treatments" and "medical is refusing to care for me properly."[32]  In response to this informal complaint, PNM staff wrote on October 12, 2004: "Inmate was seen by medical staff today 10/12/04 and was placed on the list for the eye doctor, in addition was given his results of the C.T. Test.  Medical is addressing his medical needs."[33]

Plaintiff initiated formal Grievance No. 04-10-07-N on October 14, 2004, by submitting an Inmate Grievance form in which he complained that he was being denied medical treatment to cure

---

[29]*See **Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (*Doc. 25*)*, Exhibit 7 at 495-498.

[30]*Id.* at 498.

[31]*Id.*

[32]*See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (*Doc. 1*) at 13; **Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (*Doc. 25*)*, Exhibit 8 at 511.

[33]*Id.*  It appears that Plaintiff made another informal attempt to resolve his complaint about being denied medical treatment for Hepatitis B and C in a letter to Joe Williams, the Secretary of Corrections, to which Lieutenant Michael Lawton of the New Mexico Department of Corrections responded on October 20, 2004.  *See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, 1985(3), 1988 and/or Tort Complaint Suits** (*Doc. 1*) at 10.

his Hepatitis B and C.[34]  In this grievance, Plaintiff also complained about not being scheduled for an eye examination and an updated eyeglass prescription, not receiving treatment for a disc problem, not being scheduled for a heart by-pass operation, and being given medications that caused his liver to malfunction.[35]  As relief, Plaintiff asked to be sent "without unnecessary delay" to the Central New Mexico Correctional Facility "to be properly medically cared for."[36]  He also asked for new eyeglasses and heart by-pass surgery.[37]

The grievance form for Grievance No. 04-10-07-N shows that Grievance Officer Lee Quintana accepted the grievance for consideration and, on October 22, 2004, reported the results of his investigation of the grievance and his recommended disposition of the grievance to the Warden.[38]  With regard to Plaintiff's complaint that he was denied treatment for Hepatitis B and C, Quintana reported:

> There are procedures and criteria to follow for treatment of Hepatitis C.  Inmate Washington will be presented before the committee working with Hepatitis C according to procedure.  At this time Mr. Washington is being treated appropriately for Hepatitis B.[39]

---

[34]*See Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment* (*Doc. 25*), Exhibit 8 at 508.

[35]*Id.*

[36]*Id.*

[37]*Id.*

[38]*Id.* at 508-509.

[39]*Id.* at 509.

Quintana's recommendation to the Warden was that the grievance was being resolved based on information provided by the prison medical department.[40]  On November 7, 2004, the Warden noted his decision on the grievance form, indicating that he considered the grievance resolved, and the form shows that it was returned to Plaintiff with the Warden's decision on November 9, 2004.[41]

On November 11, 2004, Plaintiff completed the section of the grievance form for filing an appeal from the decision of the Warden.[42]  In the section of the grievance form requesting an appeal, Plaintiff gave the following reasons for the appeal:

> This appeal is based on the fact that it has been approximately 5 to 6-[sic] months that medical has known that my eye-glasses are broken and that my current prescription is over 2½ years old and is causing me to have runny eyes and headaches with poor eye vision and has repeatedly told me that I have been scheduled to the see the optometrist over 5-[sic] months ago.[43]

There is no mention of Hepatitis B and C, or Plaintiff's medical treatment for those diseases, in Plaintiff's stated reasons for the appeal.  On November 29, 2004, Erma Sedillo, Deputy Secretary - Operations for the New Mexico Corrections Department,[44] issued a final decision on Plaintiff's appeal of Grievance No. 04-10-07-N, denying the appeal and finding that Plaintiff was receiving appropriate

---

[40]*Id.*

[41]*Id.*

[42]*Id.*

[43]*Id.*

[44]As noted above, the final step of the grievance procedure at PNM was an appeal to the Secretary of Corrections or his designee.  The title of Erma Sedillo, who decided Plaintiff's appeal of Grievance No. 04-10-07-N, was Deputy Secretary - Operations.  Presumably, Sedillo was acting as the Secretary's designee at the time she decided the appeal.  Plaintiff does not allege, and there is no evidence in the record to suggest, that Sedillo lacked authority to decide Plaintiff's grievance appeal and her authority to decide the appeal has not been questioned in this litigation.

medical attention and that he had failed to provide any evidence to support his claim.[45]  There was

no mention of Hepatitis B or C in Ms. Sedillo's decision denying the grievance.[46]  Thus, although

Plaintiff filed a grievance complaining that he was denied medical treatment for Hepatitis B and C,

the undisputed evidence shows that he failed to appeal that complaint to Ms. Sedillo and thereby

failed to exhaust all of the steps in the prison grievance procedure with regard to that complaint.  "An

inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983

claim under the PLRA for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304

F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).  Accordingly, the Court concludes that Plaintiff

failed to fully exhaust his administrative remedies with regard to his federal claims.

### *Dismissal Without Prejudice*

On the subject of whether Plaintiff's federal claims should be dismissed with, or without,

prejudice, the Court is guided by Tenth Circuit precedent holding that unexhausted prisoner claims

under 42 U.S.C. § 1983 and other federal laws should ordinarily be dismissed without prejudice.  *See*

*Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212-1213 (10th Cir. 2003) (holding that

dismissal of prisoner's claims based on lack of exhaustion of administrative remedies should ordinarily

be without prejudice).  Accordingly, the Court concludes that Plaintiff's federal claims should be

dismissed without prejudice.

---

[45]*See **Defendants Moya's and Garcia's Martinez Report and Motion for Summary Judgment** (*Doc. 25*),
Exhibit 8 at 510.

[46]*Id.*

14

*Plaintiff's State Claims*

Defendants Moya and Garcia make no argument in their motion for summary judgment for dismissal of Plaintiff's state law claims.  Having determined that Plaintiff's federal claims against Moya and Garcia should be dismissed without prejudice for failure to exhaust administrative remedies, the Court must determine whether supplemental jurisdiction should be retained over his state claims. The exercise of supplemental jurisdiction is discretionary.  *See New Mexico v. General Electric Co.*, 335 F. Supp. 2d 1157, 1176 (D.N.M. 2003) (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997)).   A federal court may decline supplemental jurisdiction over state law claims if, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Because the Court has recommended that Plaintiff's federal claims be dismissed in their entirety and there appears to be no other basis for federal jurisdiction over Plaintiff's state claims, it is recommended that supplemental jurisdiction be declined with regard to Plaintiff's state claims against Moya and Garcia and that Plaintiff's state claims against these Defendants be **DISMISSED WITHOUT PREJUDICE**.

*Conclusion*

There are no genuine issues of material fact with regard to Plaintiff's exhaustion of administrative remedies as to his federal claims that Defendants Moya and Garcia denied him medical treatment for Hepatitis B and C.  Plaintiff failed to fully exhaust PNM's administrative remedies with regard to his federal claims and these Defendants are entitled to summary judgment on this issue as a matter of law.  Accordingly, under 42 U.S.C. § 1997e(a), summary judgment should be granted *sua sponte* on the issue of exhaustion of administrative remedies and Plaintiff's federal claims against Moya and Garcia should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust

15

administrative remedies.  Because the Court concludes that Plaintiff's federal claims should be dismissed *sua sponte* for Plaintiff's failure to exhaust administrative remedies, the Court expresses no opinion on the merits of the arguments asserted in Moya's and Garcia's motion for summary judgment.  Nor does the Court recommend any ruling on the motion for summary judgment because a ruling on the motion is unnecessary.  Additionally, supplemental jurisdiction should be declined with regard to Plaintiff's state claims against Moya and Garcia and these claims should be **DISMISSED WITHOUT PREJUDICE**.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that summary judgment be **GRANTED** *sua sponte* on Plaintiff's federal claims against Defendants Moya and Garcia, for Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and that Plaintiff's federal claims against these Defendants be **DISMISSED WITHOUT PREJUDICE**.  With regard to Plaintiff's state claims against Moya and Garcia, the Court recommends that supplemental jurisdiction over these claims be declined and that they be **DISMISSED WITHOUT PREJUDICE**.

*Lourdes a. Martinez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**